## CUNNINGHAM v. HOLLEY, MASON, MARKS & CO. et al.

### (Circuit Court of Appeals, Ninth Circuit. February 2, 1903.)

### No. 821.

1. CORPORATIONS—PAYMENT FOR STOCK IN PROPERTY—LIABILITY OF STOCKHOLDERS.

Where, on the organization of a corporation by mutual agreement, full-paid stock was issued to the incorporators in payment for property transferred by them to the corporation, one of the incorporators who participated in such agreement, and who afterward became a creditor of the corporation, cannot assert its invalidity for the purpose of holding the other stockholders liable for unpaid subscriptions, on the ground that the property was not in fact equal in value to the par value of the stock.

2. SAME—ACTION AGAINST STOCKHOLDERS—EVIDENCE.

In such an action by the creditor against the other stockholders, where the agreement under which the stock was issued was pleaded as a defense, parol evidence was admissible to prove the same, as was also a certificate of the stock issued to one of the defendants to show that by its terms it was full paid.

In Error to the Circuit Court of the United States for the Eastern Division of the District of Washington.

The plaintiff in error brings this writ to review the judgment of the Circuit Court in an action which he brought against the defendants in error as stockholders of the Spokane Hydraulic Mining Company, a corporation, to recover upon the unpaid balance of their subscription to the capital stock of said corporation the amount of a certain judgment which he had recovered against the corporation. The complaint alleged, in substance, that the capital stock of the corporation was $500,000, consisting of 5,000 shares, of the par value of $100 each, and that the defendants in error were the holders thereof; that the corporation became indebted to the plaintiff in error in the sum of $6,688.55 "on divers accounts incurred" during the time at which the defendants in error were subscribers to and owners of said capital stock; that an action was brought in the superior court of Spokane county, Wash., against the corporation, on said indebtedness, and on March 16, 1899, judgment was duly rendered in favor of the plaintiff in error for the sum of $8,819.05. The defense of the defendants in error was, in substance, that the corporation was organized for the sole purpose of developing certain placer mines and water rights, and that at the time of its organization it was agreed by and between all the persons interested therein that the amount of the capital stock should consist of the aggregate value of said claims and water rights, together with $70,000 to be paid by the stockholders of the corporation, and that the transfer to the corporation of said claims and water rights and

the payment of said $70,000 to the corporation should amount to and be taken for payment of the par value of the total capital stock of said corporation, and that the shares thereof should issue to the stockholders as fully paid up and nonassessable; that it was honestly and in good faith agreed that the said property, together with the said sum of $70,000, was of the fair value of $500,000, and a fair price and compensation for the said capital stock, and that the defendants in error in good faith believed that the expenditure of said cash upon and for the benefit of the property so conveyed would make the latter of the actual cash value of the nominal stock; that the plaintiff in error was a party to said agreement; that he was interested in and owned part of the property so conveyed to the corporation, and participated in the organization and incorporation of the company, and knew of said agreement, and knew that the stock was issued as fully paid up and nonassessable. Upon the issues so tendered the jury found for the defendants in error, and a judgment was thereupon rendered.

W. B. Heyburn and E. M. Heyburn, for plaintiff in error.

Stephens & Bunn, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is assigned as error that the court overruled the demurrer to the answer. It is contended that the facts set up in the answer concerning the understanding between the stockholders, whereby it was agreed that the placer claims and water rights, together with the sum of $70,000, should be taken as and for the full payment of the capital stock of the corporation, constitute no defense as against a creditor of the corporation, unless it is also averred that the property so transferred was at the time of the transfer thereof of the full actual value of the sum for which it was taken. It is alleged in the answer, however, that the plaintiff in error was a party to the agreement by which the property and money so subscribed were taken and accepted in full payment of all the capital stock, and the shares were issued as paid up and nonassessable. A party to such an agreement cannot, as against other stockholders with whom he agreed and contracted, assert the invalidity of the transaction. There is in Washington no statutory prohibition against the payment of stock subscriptions by the transfer of property to the corporation in the place of cash. Turner v. Bailey, 12 Wash. 634, 42 Pac. 115; Kroenert v. Johnston, 19 Wash. 96, 52 Pac. 605. When stock is so paid for and property is so taken in payment, it is the general rule that the transaction cannot be impeached, even at the suit of a creditor of the corporation, except for fraud. "Where full-paid stock is issued for property received, there must be actual fraud in the transaction to enable creditors of the corporation to call the stockholders to account." Coit v. Gold Amalgamating Co., 119 U. S. 343, 345, 7 Sup. Ct. 231, 30 L. Ed. 420; Phelan v. Hazard, 5 Dill. 45, Fed. Cas. No. 11,068. And this is especially true where the creditor has dealt with the corporation with full knowledge of the transaction whereby the shares were paid for or was a party thereto. Fort Madison Bank v. Alden, 129 U. S. 372, 9 Sup. Ct. 332, 32 L. Ed. 725; Adamant Manufacturing Co. v. Wallace, et al., 16 Wash. 614, 48 Pac. 415; First National Bank v. Gustin, etc., Mining Co., 42 Minn. 327, 44 N. W. 198, 6 L.

R. A. 676, 18 Am. St. Rep. 510; Walburn v. Chenault, 43 Kan. 352, 23 Pac. 657; Whitehill v. Jacobs, 75 Wis. 474, 44 N. W. 630.

The foregoing discussion is applicable to the rulings of the court on the admission of evidence which are assigned as error. It is contended that the court erred in admitting in evidence a certificate of stock issued to one of the defendants in error for the purpose of showing that it was issued as paid up and nonassessable, and in admitting the oral testimony of defendants as to the terms and conditions of the agreement which was pleaded in the answer. We find no error in any of these rulings. The testimony of the defendants in error, which is contained in the bill of exceptions, showed that the corporation was organized by one Jesse Coulter, and that the placer claims and water rights stood in his name; that the agreement as to the payment for the capital stock was substantially as it was set forth in the answer; that Coulter was to transfer to the corporation the claims and water rights, and was to receive in lieu thereof stock in the corporation, and the other stockholders were to pay the sum of $70,000, which was to be used in improving said property and developing the same, and that the transfer of the claims and water rights and the payment of the money was to be taken as full payment of all the capital stock. The plaintiff in error in his testimony admitted that he was a partner with Coulter in one of the mining claims; that he was entitled to receive stock for that interest so conveyed to the company through Coulter; that Coulter had authority to make any agreement he chose with the stockholders in regard to the stock being fully paid up; that, after the organization was completed, Coulter told him all about it; and that he fully ratified all that Coulter did. There was no witness in the case who attempted to contradict the evidence that the agreement was made substantially as set forth in the answer. Coulter himself, although called as a witness for the plaintiff in error, was not interrogated as to that agreement or the terms thereof. Such being the state of the pleadings and the evidence, there was no error in the ruling of the Circuit Court in admitting the certificate of stock in evidence, or in admitting any of the other testimony referred to in the assignments of error.

Error is assigned to certain instructions which the court refused to give to the jury, one of which was that a stockholder in a corporation, who has not paid for his stock, is not relieved of liability to creditors of the corporation because of any "secret understanding or agreement between the stockholders and the corporation that his stock shall be considered as fully paid when there is nothing in the records of the corporation that would take it out of the regular rule as to liability." The answer to this contention is that there was no "secret" understanding unknown to the creditor even suggested by the evidence in the case, nor was the understanding one that did not appear in the "records" of the corporation. The plaintiff in error was bound by the knowledge which his trustee and partner, Coulter, possessed, and the records of the corporation showed that all the stock was issued as fully paid up. Nor did the court err in refusing to instruct the jury that the stock ledger of the corporation is evidence of ownership of stock by the stockholder. There was no issue

to which such an instruction was applicable. The defendants in error in their answer had admitted that they were stockholders.

It is assigned as error that the court refused to instruct the jury that if they believed from the evidence that the corporation acquired all of its property from Coulter, and that the consideration paid him was 1,500 shares of the capital stock, it cannot be held that any other portion of the capital stock of the corporation was rendered fully paid up by reason of the purchase of said property in consideration of the capital stock of the corporation. This instruction would have taken from the jury the right to find, according to the evidence, that the defense set up in the answer was true as pleaded. There was no error in refusing it, nor was there error in refusing to instruct the jury to find for the plaintiff in error.

Error is assigned to several of the instructions which were given to the jury. Most of the points so raised have already been considered with the demurrer to the answer. It is contended that the instructions permitted the jury to find that the stock was fully paid up, regardless of the actual value of the property so transferred at the time of the transfer, and that the jury were allowed to find that if the defendants in error in good faith believed at the time of the incorporation that the property so transferred and the expenditure of the $70,000 so to be paid would, when expended thereon, make the property of the company of the reasonable cash value of the entire capital stock of the company, then the stock was fully paid up thereby. This instruction must be taken in connection with the admitted fact that the plaintiff in error was a party to the agreement which was made. When so considered, and in view of that fact, it is free from error.

We find no error for which the judgment should be reversed. It is accordingly affirmed.