[No. 6246.  Decided March 8, 1907.]

IDA S. HARVEY, *Respondent*, v. SPARKS BROTHERS, *Appellant.*[1]

PRINCIPAL AND AGENT—DUTIES—EVIDENCE—QUESTION FOR JURY. The question whether an agent was supplied with funds to make a certain payment is for the jury where the principal so testified and that the agent agreed to make the payment a few days before it was due, and the agent testified to the contrary and that he notified the principal that he had no funds to make the payment.

HUSBAND AND WIFE—SEPARATE PROPERTY OF WIFE—ACTIONS— PARTIES PLAINTIFF. A married woman who contracts with an agent with respect to her separate property may maintain an action in her own name against the agent to recover damages for neglect of its duty as such agent, and her husband is not a necessary party plaintiff.

JUDGMENT—RES JUDICATA—PARTIES—ISSUES. A judgment in an action by a vendee against her vendor and an individual as agent making the sale, brought to rescind the contract for fraud and recover the money paid, is not a bar to a subsequent suit by the vendee against a corporation (in which the aforesaid agent was interested) acting as her agent to collect rents and make payments, to recover damages for neglect of duty as such agent; since the issues and the parties were not the same.

CORPORATIONS—REPRESENTATIONS BY OFFICERS—AUTHORITY. An agreement, by a managing agent of a corporation doing a real estate business, to collect rents and apply the same on a contract of sale negotiated by the corporation for one of its customers, is within the scope of its business, and cannot be repudiated by the company after holding him out as managing agent, allowing him to carry on its business, and receiving the benefits of the contract.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered December 18, 1905, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for violation of a contract of agency. Affirmed.

*Peacock, Wells & Ludden,* for appellant.

*Davis & Parks* and *J. M. Simpson,* for respondent.

[1]Reported in 88 Pac. 1108.

MOUNT, J.—The appellant is a corporation engaged in the real estate business in Spokane. On March 16, 1904, the appellant as agent for one R. R. Grow, sold a house and lot in Spokane to respondent for an agreed price of $2,400, $500 of which was paid in cash and the balance was to be paid at the rate of $25 per month until the purchase price was fully paid. The contract of sale provided that time was of the essence of the contract, and that, if the respondent failed to make any payment when the same became due, the said Grow might terminate the contract and retain all payments theretofore made. As an inducement for respondent to enter into this contract, the appellant, through its manager O. M. Sparks, represented to respondent that the property would readily rent for $25 or $30 a month, and that appellant could sell the property for the respondent in a short time so that she could clear a couple of hundred dollars on her investment, and that if she would purchase the property the appellant would act as her agent, rent the property for her, and apply the proceeds of the rent on the purchase price as the installments became due to Mr. Grow.

Under this arrangement respondent entered into the contract with Mr. Grow and made the first payment. Within a few days thereafter the property was leased at a monthly rental of $25. Appellant collected the rent for three days in March and for the months of April and May, amounting to $52.50, and out of this money made the payment due in April on the contract between respondent and Mr. Grow. Appellant, however, without informing respondent, neglected to make the payment due on the 16th day of May. Immediately thereafter Mr. Grow declared the contract of purchase forfeited and retook the property. Respondent did not know of this transaction until after Mr. Grow had taken possession of the property. Shortly thereafter she brought an action against Mr. Grow and O. M. Sparks, alleging fraud and deceit in making and enforcing the contract of purchase, and asking for a rescission of the con-

tract and for damages. Issues were joined and the trial re-
sulted in a finding that the contract was entered into in
good faith by Mr. Grow, and that Sparks was not guilty
of fraud in inducing the parties to make the said contract
of purchase, and a judgment was thereupon entered in favor
of defendants in that action. Thereafter this action was
begun against O. M. Sparks and the corporation to re-
cover damages for neglect of duty as agents of respondent.
The complaint was afterwards amended by omitting Mr.
Sparks as a defendant. Issues were joined and the cause
tried to the court and a jury, which trial resulted in a verdict
and judgment in favor of respondent for $629.03, being the
amount of money she paid on the contract with Grow, to-
gether with interest to the time of the judgment. The de-
fendant prosecutes this appeal from that judgment, and
contends that the court erred, first, in submitting the case
to the jury, in refusing to direct a verdict for defendants,
and in denying the motion for a new trial.

These questions have necessitated an examination of all
the evidence. We are convinced after reading the evidence
that the court made no error in any of these respects. The
only substantial dispute in the evidence is whether appellant
was authorized to use the money collected for rent for any
other purposes than to pay the monthly installments on the
contract of purchase. Respondent testified that appellant had
no such authority, but expressly agreed to apply the rent
to the payment of installments on her contract with Mr.
Grow, and that within a few days before the May payment
became due, Mr. O. M. Sparks told her that he would make
the payment when it became due, and that he had money for
that purpose. Mr. Sparks on the other hand testified that
there were some bills for insurance and repairs which he paid
and notified respondent thereof, and that he did not have on
hand sufficient funds to meet the monthly installments due
in May. The question whether appellant was supplied with
funds was therefore a question for the jury, and we think

the jury resolved the fact in accord with the weight of the evidence.

It is also contended by appellant that the evidence shows that respondent is a married woman and her husband is not a party to this action, and that, therefore, the court should have dismissed the action upon appellant's motion. But the evidence also clearly shows that she was dealing with her separate property. She could therefore maintain the action in her own name.

Appellant also contends that the court erred in rejecting the record in the case of Harvey v. Grow and Sparks, wherein the plaintiff sought to rescind her contract with Mr. Grow and recover the money paid thereon, upon the ground of fraud and deceit practiced upon her. It is claimed that the judgment in that case in favor of the defendants is *res adjudicata* of this case. This case is essentially different from that case. Here the gist of the action is the negligence of the agent, or his failure to perform a duty he owed his client, after the contract was entered into. There the gist of the action was the validity of the contract of sale. The parties are entirely different in the two actions. Here the defendant is the corporation which was the agent of the plaintiff. There the defendants were R. R. Grow and O. M. Sparks. It is true, Mr. Sparks is a stockholder and the managing agent for the defendant in this case, but he was sued in his individual capacity in the former suit. It is plain, therefore, that the judgment in the former case is not an adjudication of this in any particular.

Appellant claims that O. M. Sparks was not authorized to bind the appellant in this transaction. There is no merit in this contention, for the evidence clearly shows, that the corporation held Mr. Sparks out as managing agent, that he entered into the agreement, and carried on the business in the name of the corporation which received the benefits. The business was certainly within the scope of a real estate

business.   The corporation, therefore, cannot now be heard to say that O. M. Sparks was not authorized.

We find no error in the record.   The judgment is accordingly affirmed.

HADLEY, C. J., DUNBAR, ROOT, RUDKIN, FULLERTON, and CROW, JJ., concur.