[No. 11473.   Department One.   February 20, 1914.]

### F. B. MANNY, *Respondent*, v. SPOKANE STATE BANK, *Appellant*, B. S. KNUDSON *et al.*, *Defendants*.[1]

ESTOPPEL—IN PAIS—REPRESENTATIONS. A mortgagee of property, to whom fire insurance policies were payable as its interest might appear, is estopped to assert that it had transferred the note and had no insurable interest at the time of the fire, in order to escape liability to a contractor for repairing the building, where it appears that it represented to the contractor, both before and during the time he was working, that it owned the mortgage, and it made sworn proof of its loss and asserted such ownership, and agreed to pay the insurance money to the contractor, although it failed to collect the insurance because it transferred the note without notice to the insurance company.

BANKS AND BANKING—AUTHORITY OF OFFICERS—CONTRACTS. The officers of a bank, holding a mortgage upon insured property, act within the apparent scope of their authority in contracting for repairs of the building after a fire, and agreeing to pay the insurance money to the contractor.

[1]Reported in 138 Pac. 682.

APPEAL—REVIEW—OBJECTIONS NOT URGED BELOW. · Where the authority of officers of a bank to make a contract was not questioned in the lower court, it cannot be urged on appeal, in support of a motion for a nonsuit by the bank, that the contract was outside the scope of their authority.

CHADWICK, J., dissents.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered April 26, 1913, upon findings in favor of the plaintiff, in an action on contract and to foreclose a mechanics' lien, tried to the court. Affirmed.

*G. G. Ripley,* for appellant.
*Berkey & Cowan,* for respondent.

GOSE, J.—This is an action to recover the alleged contract price for material furnished and labor performed in repairing a dwelling house which had been damaged by fire. The action was brought against the owners of the property, two fire insurance companies that had insured the building, and Spokane State Bank. The plaintiff also sought to establish and foreclose a lien upon the property for the contract price of the labor and material. A judgment was entered in favor of the plaintiff against the bank, and the action was dismissed with prejudice against all of the other defendants. The bank has appealed.

Prior to the date of the fire, the insurance companies had issued policies insuring the dwelling in the sums of $500 and $1,800, respectively, payable to the appellant (which then held a mortgage upon the property for $2,500) as mortagee as its interest should appear. The policies were in force at time of the fire, unless they had become inoperative because of the previous transfer of the mortgage note by the bank without the knowledge or consent of the underwriters. The bank had indorsed the note to a nonresident of the state before the fire, but it at all times held the note and mortgage. Neither the respondent nor the companies knew of the in-

dorsement until after the respondent had completed the repair of the building.

The complaint alleges that the appellant employed the respondent to furnish the material and perform the labor in repairing the house at an agreed price, and that he had performed his contract.

The appeal presents three questions, one of fact and two of mixed law and fact: (1) Does the evidence support the finding of the court to the effect that the appellant employed the respondent to furnish the material and perform the labor in repairing the building; (2) although not argued, do the representations of the appellant to the respondent that it owned the mortgage at the time of the fire and at the time of the performance of the work estop the appellant to deny liability; and (3) did the president of the appellant in employing the respondent act within the apparent scope of his authority.

In respect to the first proposition, it suffices to say that a reading of the record has convinced us that the preponderance of the evidence supports the finding. Inasmuch as a detailed discussion of the evidence would have no practical value, we pass the point without further consideration.

On the second proposition, the evidence is that the appellant represented to the respondent before and during the time he was doing the work, that it owned the mortgage; that neither the respondent nor the underwriters had any knowledge to the contrary until the building had been repaired; that the bank made sworn proof of its loss in which it asserted its ownership of the mortgage, and that the companies refused payment after they learned that the appellant had no insurable interest in the property at the time of the fire. Had the bank owned the mortgage when the loss was sustained, the companies would have paid the loss to it and it would have passed the money to the respondent. It admits that it agreed to pay the insurance money to him.

These facts clearly operate as an estoppel against it to deny liability.

The third proposition must receive an affirmative answer, for two reasons: (1) the officers of the bank were acting within the apparent scope of their authority, and had the bank owned the mortgage it would have received benefits to the extent of the improvement (*Gold Ridge Min. & Dev. Co. v. Rice*, 77 Wash. 384, 137 Pac. 1001); and (2) their authority was not questioned in the trial court. In the appellant's motion for a nonsuit, the acts of its officers were treated as the acts of the appellant, and only the probative force of the testimony tending to prove that it employed the respondent was suggested or questioned.

The judgment is affirmed.

ELLIS and MAIN, JJ., concur.

CHADWICK, J. (dissenting)—I think the facts fix the liability in this case upon the insurance companies and not upon the bank. I therefore dissent.