[No. 13024.   Department Two.   May 17, 1916.]

D. Kennedy, *Appellant*, v. A. H. Norton *et al.*,
*Respondents*.[1]

Corporations—Stockholders—Subscription — Payment in Prop-
erty—Sufficiency.   Where property turned over to a corporation
in exchange for stock was of the value of the par value of the stock
issued as fully paid up, the transfer is valid as full payment of the
stock subscription, in the absence of fraud.

Appeal from a judgment of the superior court for Sno-
homish county, Bell, J., entered January 29, 1915, upon
findings in favor of the defendants, dismissing an action to
recover upon an unpaid stock subscription, tried to the
court.   Affirmed.

*L. H. Wheeler*, for appellant.

*D. W. Locke*, for respondents Norton *et al.*

*Coleman & Fogarty*, for respondent Gardiner.

Morris, C. J.—Appellant is a judgment creditor of the
Green Bay Logging & Timber Company, an insolvent cor-
poration.   Execution having been issued and returned un-
satisfied, this action was brought against Gardiner and
Norton upon an alleged unpaid stock subscription.   The
only question to be determined is whether Gardiner and Nor-
ton have fully paid for their stock.

Gardiner was one of the original stockholders of the log-
ging company, subscribing to one-third of its capital stock
of the value of $4,000.   Gardiner and two associates were
the owners of timber and logging contracts of the value of
$12,000.   Preferring a corporation to a common ownership,
they organized the Green Bay Logging & Timber Company
with a capital stock of $12,000, and turned the timber and
logging contracts over to the corporation in exchange for
fully paid and nonassessable stock.   There seems to be little

[1]Reported in 157 Pac. 684.

doubt but that the property turned over to the corporation in exchange for the stock was of the value of $12,000. We find no evidence of any fraud in this transaction, and in the absence of fraud, such transfers are upheld. *Inland Nursery & Floral Co. v. Rice*, 57 Wash. 67, 106 Pac. 499; *Gold Ridge Min. & Dev. Co. v. Rice*, 77 Wash. 384, 137 Pac. 1001.

Subsequently Holmes, one of the original holders, transferred his one-third of the stock to Norton in exchange for notes and mortgages of a value in excess of $4,000, the face value of the stock.

These facts sustain the judgment, and it is affirmed.

HOLCOMB, MAIN, BAUSMAN, and PARKER, JJ., concur.