## ANDERSON v. AVEY et al. *

(Circuit Court of Appeals, Ninth Circuit. May 2, 1921.)

No. 3612.

1. Corporations ⊛320(4)—Stockholder not entitled to maintain suit against director for benefit of corporation, unless corporation so entitled.

A stockholder could not maintain a suit for the benefit of the corporations against a director to compel him to pay for stock issued in payment of property, or for less than its par value, unless the corporation would have been entitled to maintain a suit.

2. Corporations ⊛320(7)—Stockholder's bill on behalf of corporation against director to compel payment for stock held to state no cause of action.

Under Comp. St. Idaho 1919, § 4728, providing that no corporation shall issue stock except for money, property, labor, or services, etc., and section 4752, providing that the judgment of the directors as to the value of labor, services, or property shall be conclusive, in the absence of fraud, a stockholder's bill on behalf of the corporation against a director alleging that the directors issued stock to themselves in payment for property of

no value to the corporation and other stock for 25 cents on the dollar of the par value stated no case of action, the absence of any allegation tending to show fraud.

Appeal from the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Suit by H. C. Anderson against O. H. Avey and another. From a judgment dismissing the suit, plaintiff appeals. Affirmed.

When this suit came on for trial on the bill as amended and the answer thereto, the court, having permitted the complainant to "introduce testimony under a reserved ruling on the defendants' objection to the introduction of such testimony," subsequently sustained a motion made by the defendants to dismiss the suit, and, a judgment to that effect having been entered, the present appeal was taken. The sufficiency of the bill is therefore the question for decision. It shows upon its face that the appellee corporation was organized on or about April 19, 1910, under the laws of the state of Idaho, its articles of incorporation authorizing the issuance of capital stock in the amount of 2,500 shares of the par value of $100 each, with power to purchase and acquire, among other things, lands and waters, and operate or sell or lease the same; that the by-laws of the corporation provided, among other things, that it should be the duty of the board of directors to cause to be issued to the stockholders in proportion to their several interests certificates of stock not to exceed in the aggregate the capital stock of the company; that on or about February 21, 1910, 100 shares of the stock of the corporation were issued by direction of its board of directors to each of them, consisting of the appellee Avey and A. P. Scritchfield, M. F. Albert, J. W. Roberts, L. V. Hatch, Otto O. Miller, and R. E. Haines—such stock being issued as fully paid, the consideration being for such 100 shares a one-seventh equity in certain land, consisting of about 240 acres in Canyon county, Idaho; such equity being an option held by those named persons to purchase the land, and which interests the bill alleged "was not of the value of said shares of stock so issued, to wit, $70,000, or any value at all to said corporation." The last-quoted allegation, however, was immediately followed by the further allegation of the bill that between March 21, 1912, and September 21, 1915, 662 more shares of the capital stock of the corporation were sold by the said directors to themselves for 25 cents on each dollar of its par valuation. Of the 662 shares so alleged to have been purchased by the board of directors for one-fourth of their par value, the appellee Avey is alleged to have purchased 116 shares. The bill alleged that on those 116 shares there remains due from Avey to the corporation $8,700, and the further sum of $10,000 for the 100 shares of the stock originally received by him, making $18,700 in the aggregate, for all of which the complainant sued "for the benefit of the corporation, to require and compel the defendant above named to pay the amount due upon his purchase of said stock"—the complainant further alleging himself to be the owner and holder of 304 shares of the total issue of 1,428 shares of the capital stock of the company.

Hawley & Hawley, James H. Hawley, Jess Hawley, O. W. Worthwine, and Sam S. Griffin, all of Boise, Idaho, and John H. Norris, of Payette, Idaho, for appellant.

Richards & Haga, of Boise, Idaho, Thompson & Bicknell, of Caldwell, Idaho, and McKeen F. Morrow and J. L. Eberle, both of Boise, Idaho, for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). It is, of course, clear that a corporation has no power to agree with subscribers to its stock upon any terms that are in violation of its articles of in-

corporation or of any constitutional or statutory provision. The statutes of Idaho relating to the powers of corporations, while declaring (in section 4752 of the Compiled Statutes of 1919) that no *preferred* stock shall be issued for less than its par value, either in cash or its equivalent, makes no such limitation or restriction regarding the common stock, for the preceding section 4728, relating to stock and stockholders, provides that:

"No corporation shall issue any stock as paid up, in whole or in part, or credit any amount, assessment or call as paid upon any of its stock, except for money, property, labor or services, actually received by the corporation, or actually paid upon the indebtedness of the corporation, as provided in this section, to the full value of the amount credited upon such stock."

—and the concluding clause of section 4752 is in these words:

"When any corporation shall issue stock or bonds for labor done, services performed or property actually received, the judgment of the directors of such corporation as to the value of such labor, services or property shall, in the absence of fraud in the transaction, be conclusive."

There was a similar statute in the state of Washington, and in the case of Cunningham v. Holley, Mason, Marks & Co. et al., 121 Fed. 720, 58 C. C. A. 140, this court held that where on the organization of a corporation by mutual agreement full paid stock was issued to the incorporators in payment for property transferred by them to the corporation, one of the incorporators who participated in such agreement and who became a creditor of the corporation, cannot assert its invalidity for the purpose of holding the other stockholders liable for unpaid subscriptions on the ground that the property was not in fact equal in value to the par value of the stock, saying, among other things:

"A party to such an agreement cannot, as against other stockholders with whom he agreed and contracted, assert the invalidity of the transaction. There is in Washington no statutory prohibition against the payment of stock subscriptions by the transfer of property to the corporation in place of cash. * * * When stock is so paid for and property is so taken in payment, it is the general rule that the transaction cannot be impeached, even at the suit of a creditor of the corporation, except for fraud. 'Where full-paid stock is issued for property received, there must be actual fraud in the transaction to enable creditors of the corporation to call the stockholders to account'"

—citing a number of cases which need not be again cited.

[1] The present suit was not by or on behalf of any creditor, but, according to the express allegation of the bill, was brought by the appellant "in the name of and for the benefit of the corporation, to require and compel the defendant above named (Avey) to pay the amount due upon his purchase of said stock"; so surely, if the corporation would not have been entitled to maintain the suit, the complainant was not so entitled.

[2] The bill is absolutely bare of any allegation tending to show any fraud on the part of the appellee Avey, or on the part of any of the other directors of the company, and the contention that the interests in the land therein referred to, conveyed to the corporation by the seven directors who organized it, was of no value, is clearly shown to

be unfounded by the express allegation of the bill that the same directors paid in cash one-fourth of the par value of 662 of the shares of the stock of the company, obviously for a working capital.

Not only was the course pursued in the instant case sanctioned by the Idaho statute, and in accordance with the law as declared by the Supreme Court and numerous other courts, but it is a matter of common knowledge that it was the course adopted almost every day in all parts of this country. See Old Dominion Copper Co. v. Lewishown, 210 U. S. 206, 212, 28 Sup. Ct. 634, 52 L. Ed. 1025; Coit v. Gold Amalgamating Co., 119 U. S. 343, 7 Sup. Ct. 231, 30 L. Ed. 420; Northern Trust Co. v. Columbia Straw-Paper Co. (C. C.) 75 Fed. 936; Clinton M. & M. Co. v. Jamison, 256 Fed. 577, 167 C. C. A. 607; O'Dea v. Hollywood Cemetery Association et al., 154 Cal. 53, 97 Pac. 1, 6; Inland Nursery & Floral Co. v. Rice, 57 Wash. 67, 106 Pac. 499.

The judgment is affirmed.