FOSTER E. OUTING, on behalf of KNIGHTS OF PYTHIAS, Appellant, v. JERRIE L. PLUM, Appellee, et al.

No. 40279.

MARCH 17, 1931.

REHEARING DENIED SEPTEMBER 26, 1931.

John McLennan, for appellant.

R. O. Garber and Frank F. Messer, for appellee.

STEVENS, J.—Foster E. Outing, who prosecutes this action on behalf of the Supreme Lodge of Knights of Pythias and the Grand Lodge of Iowa, is a member of a subordinate lodge in good standing and a Past Grand Chancellor. It is alleged in the petition that the defendant appellee was in 1928 Grand Vice Chancellor of the Grand Lodge of Iowa duly elected by that body; that the by-laws and constitution of the Grand Lodge provide for a fund of $500.00 annually to defray the traveling expenses of the Grand Vice Chancellor; that this sum was paid to appellee while acting in that capacity but that the same was not used by him for the payment of traveling expenses consistently with the by-laws and statutes of the Order but that same was expended in a manner wholly unauthorized by the Lodge and asks judgment against appellee for the amount thus alleged to have been expended.

Appellee filed a motion to dismiss the petition upon numerous grounds, particularly upon the ground that the expenditures complained of were duly reported by appellee to the Grand Lodge of Iowa at its annual meeting in 1929 and fully ratified and approved thereby. In addition, it is alleged that the sums were expended under the direction of the Grand Chancellor for

the organization and promotion of an organization known as the "Iowa Dozen Club." A motion to dismiss was also filed by Clyde C. Gustlin, Grand Chancellor of the Knights of Pythias of the Domain of Iowa, and also by Alva M. Lumkins, Supreme Chancellor of Knights of Pythias, both officers, alleging that they were acting for and on behalf of their respective lodges.

Appellant filed a resistance to the several motions, the particular grounds of which need not be stated in detail. Attached to the motion of appellee to dismiss is a copy of three resolutions passed and adopted by the Grand Lodge of Iowa commending and approving the expenditures of appellee. The foregoing resolutions recite that the funds of the Lodge alleged to have been unlawfully appropriated by appellee were expended in the organization and promotion of the so-called "Dozen Club" and that the expenditure was in the interest of, and for the benefit of, the Grand Lodge.

The appearance of the parties mentioned in the district court was voluntary and does not appear to have been by way of intervention. Appellant does not challenge the right of the court to consider certain of the questions presented by the motion of appellee to dismiss but it is contended by him that the right of appellant to maintain an action in behalf of and for the benefit of the Grand Lodge cannot be tried and disposed of upon a motion to dismiss.

It is alleged that the Supreme Grand Lodge of Knights of Pythias is a corporation having its principal place of business in the city of Washington, District of Columbia, and that the Grand Lodge of Iowa originated and operated under a charter from the Supreme Lodge and exists for fraternal and charitable purposes. Whether the Grand Lodge of Iowa is incorporated in this state is not very clear but, as the statement is made in the argument of counsel for appellee that it is a corporation, we shall so treat it. The ground upon which appellee contends that the appellant may not maintain this action is that no notice or demand was previously served upon the Lodge. As the action of the Grand Lodge at its annual meeting in 1929 approving the expenditures of appellee was passed before this action was begun, it is apparent that the service of such notice and demand by appellant upon the proper officer of the Grand Lodge would have been an idle ceremony. In such case, prior notice and de-

1172

mand that the corporation institute an action is not necessary. Alexander Hodges v. New England Screw Co., 1 R. I. 312; First Nat. Bank v. Fireproof S. B. Co., 199 Iowa 1285; Reed v. Hollingsworth, 157 Iowa 94; Graham v. Machine Works, 138 Iowa 456.

The right of appellant to maintain the action as a member of the Lodge is also questioned. We shall assume for the purposes of this appeal that appellant, as a member of a subordinate lodge, had such right, but without so holding.

 The argument of appellant that the adoption of the resolutions referred to by the Grand Lodge did not amount to a valid amendment to the by-laws of the organization cannot, of course, be questioned. Nothing of the sort was attempted. It is the contention of appellee at this point that the action of the Grand Lodge approving his report is conclusive and binding upon appellant and all other members of the Society and that at the time this action was instituted, no cause of action existed, if any such cause ever did exist in favor of the Lodge against appellee. It is, of course, of necessity true that if the corporation did not have a cause of action against appellee in its own right, no cause of action would lie in favor of a member or stockholder of such corporation. Tevis v. Hammersmith, 84 N. E. (Ind.) 337; Anderson v. Avey, 272 Fed. 664; Kunkle v. Soule, 190 Pac. (Colo.) 536; Carper v. Oil Co., 211 Pac. (Colo.) 370; Collins v. Penn-Wyoming Copper Co., 203 Fed. 726; Post v. Buck's Stove & Range Co., 200 Fed. 918.

On the other hand, if a cause of action in fact existed which the corporation refused, upon appropriate demand, to prosecute, the controlling officers and members or stockholders of the corporation could not dismiss an action brought by such member or stockholder in behalf thereof. Godley v. Crandall & Godley Co., 105 N. E. (N. Y.) 818; Thompson on Corporations, 3d Ed., Sec. 4581; Collins v. Penn-Wyoming Copper Co., supra.

Nothing is suggested by the record before us tending to indicate that the officers or members of the Grand Lodge which adopted the resolutions referred to acted in any way in bad faith or against the best interests of the Society, except such as might be implied from a technical breach of a statute of the Grand Lodge. It may be conceded that there was a technical violation by appellee of the statutes of the Grand Lodge. The

act complained of, however, is one affecting only the internal affairs of the Society. The interest of no third party is involved. Instead of subjecting appellee to the disciplinary power of the Lodge, his act was both commended and approved by the Grand Lodge. The appellant concedes that the Grand Lodge could have, by appropriate enactment, in advance of the expenditures, authorized the same to be made. The act of approval was not, therefore, of an *ultra vires* act but one clearly within the power of the Grand Lodge to authorize. The Grand Lodge is not organized for pecuniary profit but, as stated, for fraternal and charitable purposes. The promotion of the ''Iowa Dozen Club'' was deemed by the Grand Lodge to be a benefit to and for the best interests thereof. The authority of the Grand Lodge to commend, approve and ratify the act of appellee would seem to be clear and definite. The substance of the several resolutions adopted by the Grand Lodge is condensed in the following exhibit, referred to in the pleadings as ''Document No. 34:''

''RESOLUTION. Whereas, it has been alleged that Jerrie L. Plum, past Grand Chancellor of this Domain has illegally expended the greater part of $500.00 by the promotion of the Dozen Club even though the same expenditure was authorized by the Grand Chancellor of this Domain.

''Therefore, Be It Enacted by the Grand Lodge, Knights of Pythias, Domain of Iowa, that such action on his part be and is hereby legalized and made of the same force and effect as would obtain with legal enactment to take the place of said authorization.''

Surely, no cause of action existed in favor of the corporation when this action was commenced.

In arriving at this conclusion, we have for the purposes of this case assumed and granted that appellant had a right to prosecute this action and that the motion to dismiss filed by the officers of the respective lodges was voluntary and not by way of intervention. The decisive ground upon which the dismissal was granted was fully embraced in appellee's motion therefor.

In view of the conclusion already announced, discussion of other interesting questions argued by counsel would be without

profit. The judgment of dismissal is, upon the record before us, affirmed.—Affirmed.

All justices concur.