## KAST *vs.* KATHERN and DOOLITTLE.

Where a suit is brought on a contract not negotiable, by an assignee in the name of the original creditor, and the defendant has a larger demand against the assignor which is of a character to entitle it to be set off against the demand sued on, such set-off, can only be made to the amount of the plaintiff's debt, and no judgment for a balance can be rendered against the plaintiff.

Where a justice of the peace renders judgment in favor of a defendant, *for a sum adjudged to be due him from the plaintiff* and for costs, in a case where the judgment should have been generally for the defendant with costs, the common pleas should reverse the erroneous part, and affirm the judgment as to the residue.

And where, in such a case, the common pleas on *certiorari* rendered a general judgment of reversal, that judgment was reversed and this court rendered such a judgment as the common pleas ought to have given, denying costs to either party in the common pleas.

ERROR to the Herkimer C. P. Kathern and Doolittle sued Kast before a justice of the peace to recover the amount of an account which accrued in 1843 and 1844, amounting to $32,81, which was proved on the trial. The defendant offered to set off the amount of a note made by the plaintiffs in February, 1844, payable to A. Hill or bearer, for $37, with interest. On the part of the plaintiffs it was shown that they failed in business in January, 1845, and made a general assignment in trust for their creditors, and that this suit was prosecuted by the assignee, and also that the defendant purchased the note of the payee after the assignment was executed ; and some slight evidence was given that when he so purchased it he had notice of the assignment. The justice gave judgment for the defendant for $8,13, being the balance of the note after deducting the account, together with the costs of suit. The common pleas reversed this judgment on *certiorari*, and the defendant brought error.

*C. Gray,* for the plaintiff in error.

*V. Owen,* for the defendants in error.

Kast *v.* Kathern.

*By the Court,* JEWETT, J.  The defendant's right to make the set-off depended upon the question whether he purchased the note without notice or a knowledge of the assignment.  No direct evidence of notice was given ; and if it be admitted that the justice might have arrived at the conclusion that he had notice, from the evidence, still the point was left so doubtful that a judgment either way could not with propriety have been disturbed by the court of review.  It follows that the common pleas were not warranted in reversing the judgment.

But the justice not only allowed the set-off to the amount of the plaintiffs' demand, but gave judgment for the defendant for the balance of the note.  I do not see how this can be sustained under the statute relating to set-offs.  The statute provides that in suits upon contracts, other than negotiable paper, which have been assigned by the plaintiff, a demand against the plaintiff belonging to the defendant before notice of the assignment may be set off " to the amount of the plaintiff's debt." (2 *R. S.* 234, § 50, *sub.* 8.)  A subsequent section declares that no judgment shall be rendered against the plaintiff for a *balance,* " when the contract which is the subject of the suit shall have been assigned before the commencement of such suit, nor for any balance due from any other person than the plaintiff in the action." (*Id. p.* 235, § 52.)

The demand having been assigned before the commencement of the suit, although there was a balance due from the plaintiffs to the defendant for the amount for which judgment was rendered in his favor, yet the justice was not authorized by the provisions of the statute to render a judgment against the plaintiffs for the amount.  He should have rendered a judgment generally for the defendant for his costs of defence.  What remedy a defendant has under such circumstances to recover the balance due to him over the plaintiff's debt is not very apparent.  None is provided by statute.

But I think the common pleas erred in reversing the entire judgment.  It should have been affirmed as to the costs.  Although erroneous as to the amount of debt adjudged to the defendant, it consisted of distinct parts, and was, there-

fore, capable of being reversed as to one part and affirmed as to another. The power to render such judgment on certiorari is expressly conferred on the common pleas. (2 *R. S.* 257, § 181; *Sheldon* v. *Quinlen*, 5 *Hill*, 441, *and note.*) The judgment of the common pleas must therefore be reversed; and as this court is to render such a judgment as the court below should have given, that part of the judgment of the justice in which it was adjudged that the defendant recover against the plaintiffs' $8,13 damages must be reversed, and it must be affirmed as to the residue, without costs to either party in the court of common pleas. (2 *R. S.* 257, § 182.)

Judgment reversed.