WELLS v. LOOFBOUROW, District Court Judge.

No. 2742.  Decided December 30, 1916 (162 Pac. 375).

1. COURTS—CITY COURT—ATTACHMENT—DISSOLUTION BY APPEAL. Comp. Laws 1907, section 686x29, making rules of practice and procedure in district courts applicable to city court, applied to section 3313, providing that upon appeal an attachment will not continue in force unless appellant files a separate bond therefor; and, where plaintiff in appealing from city court only filed the regular bond required by section 3747, the attachment did not remain in force.   (Page 201.)

2. COURTS—ATTACK ON JURISDICTION—EVIDENCE.  Where the jurisdiction of a court of general jurisdiction is attacked, the lack of such jurisdiction must be clearly shown.   (Page 204.)

Application for certiorari by George Wells against Frederick C. Loofbourow, Judge, to review proceedings of District Court of Sale Lake County.

DISMISSED.

*Chris. Mathison* for plaintiff.

*Russell G. Schulder* for defendant.

FRICK, J.

The plaintiff filed an application for a writ of certiorari to review certain proceedings of the district court of Salt Lake County in an action pending in said court wherein the applicant here was the plaintiff and Fred Rutherford and his wife were defendants, and the Utah Copper Company was gar-

nishee. A writ of certiorari was duly issued to which return was made in due time. The question which we must deter-mine arises as follows:

The plaintiff commenced an action in the city court of Salt Lake City against said Rutherfords, in which he filed the necessary affidavit and undertaking for an attachment, and prayed that a writ of attachment issue. Such writ was duly issued by the city court. The writ was executed by serving a copy thereof, as provided by our statute, upon the Utah Copper Company, a corporation, as garnishee, attaching in the hands of said garnishee certain moneys owing by it to said Fred Rutherford. The said company made return to said writ, and acknowledged that it was indebted to said Rutherford in a certain amount. The Rutherfords defended the action in said city court, and obtained judgment in their favor, and the attachment theretofore issued in said action was duly dissolved. The plaintiff, in due time, appealed from the judgment rendered in favor of the Rutherfords to the district court of Sale Lake County. In taking such appeal the plaintiff herein merely filed the ordinary undertaking on appeal required by Comp. Laws 1907, section 3747. The city court, after entering judgment in favor of the Rutherfords, ordered the money theretofore attached in the hands of said garnishee released, and that is the order assailed by the applicant in this proceeding.

On the part of the applicant it is contended that in view that an appeal was taken in time, it, in and of itself, superseded the order of the court, releasing said money, and that said attachment was, by said appeal, continued in full force and effect. Upon the other hand, it is contended by counsel who appears in opposition to the application that under our statute the attachment issued by the city court was dissolved, and that the taking of an appeal by merely filing the ordinary undertaking on appeal required by Section 3747, *supra*, did not reinstate the attachment nor continue the same in force.

The question, therefore, is, Did the taking of the appeal and the filing of an undertaking on appeal, as aforesaid, continue the attachment in force? In case an attachment is

issued out of one of the district courts of this state, and it is dissolved, as was the case here, merely to take an appeal, and to file the usual undertaking on appeal, does not continue the attachment in force for any purpose. Comp. Laws 1907, Section 3313, relating to appeals from district courts to this court, upon that point, reads as follows:

"An appeal does not continue in force an attachment, unless an undertaking be executed and filed on the part of the appellant, by at least two sureties, in double the amount of the debt claimed by him, that the appellant will pay all costs and damages which the respondent may sustain by reason of the attachment, in case the judgment of the court below be sustained or the appeal be dismissed."

The undertaking referred to in that section must be executed and filed in addition to the ordinary undertaking on appeal. Counsel for the applicant contends that the foregoing section has no application to actions appealed from the city courts, but applies only to cases appealed from the district courts to this court. The city court of Salt Lake City was created by legislative act in 1901. Chapter 109, Laws Utah 1901. That act was carried forward into Comp. Laws 1907, and constitutions Section 686x to 686x36, inclusive, of that compilation. The rules of practice and procedure of the city courts are prescribed in Section 686x29 as follows:

"The sections of the Code of Civil Procedure, and the amendments thereto, relating to the rules of practice and mode of procedure in the district court, and providing for provisional remedies, and prescribing the practice and procedure in special proceedings, and all the laws of this state, except as in this chapter otherwise provided, are applicable to the city court, the necessary changes and substitutions being made herein. In order that the powers, rules of practice and mode of proceedings of the city court shall conform as nearly as possible to that of the district court, as the same are, or may hereafter be, prescribed by law, and all those sections of the Code of Criminal Procedure, and the amendments thereto, relating to the trial of criminal actions in justices' courts, and the procedure and practice of committing

magistrates, are likewise made applicable to the city court, the necessary changes and substitutions being made therein."

The district court ruled that by virtue of that section the provisions of Section 3313, which we have set forth above, are applicable to appeals from judgments rendered in the city courts, and hence the attachment in question was not reinstated or continued in force by taking the appeal in question in the manner it was done; that is, without the execution of the special bond required by Section 3313, *supra*. Counsel for the applicant, however, insists that the taking of the appeal continued the attachment in force, and hence the district court acted beyond the scope of its jurisdiction in ordering the attached money released. Much learning is displayed by counsel on both sides, and numerous cases and authorities upon analogous or kindred questions are referred to. Nothing can be gained by pausing to review either the statutes referred to by counsel or the numerous cases cited by them. The question must be determined from a consideration of the several provisions of our own statute. The provisions which we have copied from Section 3313 are taken from California Code of Civil Procedure, Section 946. In *Loveland* v. *Alvord Consol. Quartz M. Co.*, 76 Cal. 564, 18 Pac. 682, the Supreme Court of California held that a judgment for the defendant in a justice court dissolves the attachment issued against him, and that the same is not reinstated or continued in force by merely taking an appeal and by filing the ordinary undertaking on appeal. Be that as it may, the procedure in our city courts, as we have seen, is specially provided for. Counsel for the applicant, however, seeks to distinguish in some respects the California statutes, relating to the taking of appeals, from our own. While there may be slight differences in phraseology, and perhaps, as applied to justice courts, material difference may exist, yet the spirit and purpose of the California statute are practically the same as our own when we keep in mind the provisions relating to the procedure in our city courts and which are in question here. It seems to us that a fair and disinterested consideration of the provisions of Section 686x29, wherein the rules of practice and procedure are prescribed for the

city courts, leaves little room for doubt that the Legislature of this state intended that all the provisions in those courts relating to civil matters, including the procedure on appeals, so far as practicable, should be the same as those in our district courts. That conclusion, it seems to us, is emphasized by the last clause of the section, which relates to criminal procedure. The criminal procedure there referred to is clearly intended to be the same as it is in our justice courts, and the civil procedure is intended to follow in all respects that in force in our district courts. Nor can there be any doubt that, in the absence of special provisions, it was intended to include the procedure on appeal. In view that in case a judgment is entered against the plaintiff every presumption respecting the right to recover in that action is against him, it cannot harm him, in case he desires to continue in force an attachment issued in such a case, to require him to execute and file the special undertaking provided by Section 3313. The important thing in this proceeding, therefore, is to settle the practice or procedure rather than to determine it to be one way or the other. There can be no doubt that in actions appealed from the district court no attachment is continued in force unless the special undertaking provided by Section 3313 is executed and filed. We feel constrained to hold that in adopting Section 686x29 it was intended to make the provisions of Section 3313 applicable to appeals from city courts as well as from district courts.

It should also be remembered that this application directly assails the jurisdiction of the district court. Where an attack is made upon the jurisdiction of a court of general jurisdiction, as is done here, it should at least be made to appear with reasonable clearness that the court has acted without jurisdiction, or that it, in some respect, has exceeded the same.

We are of the opinion that the writ heretofore issued should be quashed, and that the application should be dismissed at plaintiff's costs. Such is the order.

STRAUP, C. J., and McCARTY, J., concur.