[No. 16000.    Department One.    December 15, 1920.]

The State of Washington, on the Relation of Alaska Pacific Navigation Company, Plaintiff, v. The Superior Court for King County, A. W. Frater, Judge, Respondent.[1]

Set-Off and Counterclaim (16)—Against Assigned Claims.  In an action by an assignee for the purposes of collection, Rem. Code, §§ 267, 271½ and 272, permit a set-off against the assignor to the extent of the claim only.

Parties (42)—Bringing in New Parties—Necessity and Grounds—Action Upon Assigned Claims.  Under Rem. Code, § 273, authorizing a defendant to set forth as many defenses and counterclaims as he may have, either legal or equitable, and Id., § 196, authorizing the court to bring in new parties when necessary to a complete determination of the action, in an action by an assignee for collection, a defendant setting up a legal counterclaim is not entitled to have the assignor of the claim brought in as a party plaintiff, in view of the fact that Id., §§ 267, 271½ and 272, limit the counterclaim to the extent of the claim, and it is only in the case of equitable defenses that the presence of the assignor may be necessary to a complete determination of the action.

[1]Reported in 194 Pac. 412.

ACTION (25)—JUDGMENT (213-2)—SPLITTING CAUSE—COUNTER-
CLAIM IN ACTION ON ASSIGNED CLAIM. Since the defendant in an ac-
tion by an assignee for collection is restricted in his counterclaim
against the assignor, he may plead the same as a defense and main-
tain a separate action for the balance of his claim, without being
subject to the rule against the splitting of his claim.

Application filed in the supreme court July 28, 1920,
for a writ of certiorari to review an order of the su-
perior court for King county, Frater, J., entered July
15, 1920, denying to the defendant a motion for stay
of proceedings in a cause, to bring in other parties,
after a hearing before the court. Denied.

*C. H. Hanford,* for relator.

*Chadwick, McMicken, Ramsey & Rupp,* and *John P.
Garvin,* for respondent.

MACKINTOSH, J.—J. E. Peterson began an action
against the relator alleging that the Standard Gas
Engine Company, a California corporation, entered
into a contract with the relator to furnish engines and
machinery, and, after performing its part of the con-
tract, the relator failed to pay a balance due there-
under, and that the account had been assigned to Peter-
son for the sole purpose of collection. The relator
made application to the superior court for a stay of
proceedings until the Standard Gas Engine Company
should enter its appearance and submit to the juris-
diction of the court, in order to "adjudicate any and
all the issues involved and which may become involved
in this action." The relator asserts that it has a claim
for damages against the Standard Gas Engine Com-
pany arising out of the breach of contract referred to,
and that that claim exceeds in amount the balance for
which Peterson is bringing suit. The superior court
refused to make the order applied for, and the relator

comes here for a writ of certiorari to review the superior court's action.

Our statutes recognize the right to assign causes of action where, as here, they are merely assigned for the purpose of collection, and the plaintiff has no interest in the amount which may be recovered. But the statutes further provide that where actions are brought by an assignee for collection, the defendant may, by answer, set up such defense as may amount to a set-off of the claim sued on by the plaintiff. Sections 267, 271½ and 272, Rem. Code, bear on this question and are as follows:

"If the plaintiff be a trustee to any other, or if the action be in the name of the plaintiff who has no real interest in the contract upon which the action is founded, so much of a demand existing against those whom the plaintiff represents or for whose benefit the action is brought, may be set off as will satisfy the plaintiff's debt, if the same might have been set off in an action brought by those beneficially interested." (§ 267.)

"If the amount of the set-off, duly established, be equal to the plaintiff's debt or demand, judgment shall be rendered that the plaintiff take nothing by his action; if it be less than the plaintiff's debt or demand, the plaintiff shall have judgment for the residue only." (§ 271½.)

"If there be found a balance due from the plaintiff in the action to the defendant, judgment shall be rendered in favor of the defendant for the amount thereof, but no such judgment shall be rendered against the plaintiff when the contract, which is the subject of the action, shall have been assigned before the commencement of such action nor for any balance due from any other person than the plaintiff in the action." (§ 272.)

It would seem from an examination of these sections that, in an action begun by an assignee, no affirmative

judgment may be secured against him by the defendant, who is only allowed to plead in defense of the action an indebtedness in such amount as will equal the claim sued on. One objection raised to this conclusion is that § 273, Rem. Code, which provides:

"The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have heretofore been denominated legal or equitable, or both. They shall each be separately stated, and refer to the causes of action which they are intended to answer, in such a manner that they may be intelligibly distinguished"

is broad enough to allow the procedure asked for by the relator; and that, under § 196, which provides:

"The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall cause them to be brought in"

the court should stay all proceedings until the Standard Gas Engine Company is brought into the action.

In support of this contention, the case of *State ex rel. Adjustment Co. v. Superior Court,* 67 Wash. 355, 121 Pac. 847, is cited. The fallacy in this position rests in the fact that in § 273 the legislature was dealing with defenses and counterclaims set up in an answer in all actions, both where the real party in interest is the plaintiff and where an assignee is plaintiff, and does not refer exclusively to actions of the latter kind, which actions are specifically referred to and covered by §§ 267, 271½ and 272, Rem. Code, which we have set forth in full.

By virtue of § 273, reading it in conjunction with these other sections, defendant, in an action begun by an assignee for collection, is entitled to plead against

the assignee plaintiff those legal defenses which, if sustained, would result in no affirmative judgment against the plaintiff, and is entitled to plead equitable defenses enforcible against the assignee plaintiff, even though they may result in bringing in the real plaintiff in interest in order to fully protect the defendant's equitable rights.

The case of *State ex rel. Adjustment Co. v. Superior Court, supra,* was a case where, as here, the plaintiff was an assignee for collection only, and in his complaint asked, as does the plaintiff here, for merely a money judgment; but in the *Adjustment Company* case the defendant interposed an *equitable* defense, while the defendant here is asking the court to compel the entrance of the real plaintiff in interest, for the purpose of interposing a purely legal counterclaim. In the *Adjustment Company* case, this equitable defense was that the property for which the assignee plaintiff was seeking recovery consisted of patented articles, and that the defendant should not be compelled to pay for these unless plaintiff's assignor was compelled, under the terms of his contract, to deliver them, for the reason that they could not be obtained from anyone but the plaintiff's assignor. It is apparent, therefore, that this equitable defense to which the defendant was entitled in the *Adjustment Company* case could not be enforced against the assignee plaintiff, for the reason that it could not thus have the specific performance by the assignor of his contract, upon which the assignee plaintiff was suing. In order to accord to the defendant in that case the right which § 273 gives him to plead against the plaintiff in the action his legal or equitable defenses, it was necessary that the real party in interest be brought in. This court, in the *Adjustment Company* case, used language

considerably broader than was necessary for the decision of the case, but the essence of the decision is stated by the court as follows:

"The same authority (Rem. & Bal. Code, § 191) which sustains the right of an assignee to sue at law in his own name also gives the right to a defendant to 'set forth by answer as many defenses and counterclaims as he may have, whether they be such as may have heretofore been denominated legal or equitable, or both.' Rem. & Bal. Code, § 273. . . .. To state the rule is to suggest its reason, for if it were otherwise, or as contended by relator, it would operate to cut off equitable defenses entirely;"

The *Adjustment Company* case is not authority for the view that, where the defendant has legal defenses, he may plead other legal defenses than those specified in §§ 267, 271½ and 272, Rem. Code. In other words, under § 273, a defendant may plead, against an assignee for collection, such legal defenses as would not call for an affirmative judgment against the assignee plaintiff, but may plead equitable defenses, though the determination of them may result in bringing in, as plaintiff, the real party in interest.

Nor does § 196 cover this class of cases, for that section refers to the bringing in of parties "when a complete determination of the controversy cannot be had without the presence of such parties." In other words, this section refers to the bringing in of necessary parties. The plaintiff Standard Gas Engine Company is not a necessary party. The controversy as it exists between the plaintiff, who is a party recognized as being, under our laws, entitled to prosecute such an action, and the defendant, does not involve the necessity of determining all the issues arising out of the original contract between the Standard Gas Engine Company and the relator. The cases hold that, when

language such as is used in our § 196, Rem. Code, occurs, the party whose presence is necessary to a determination of the controversy is a party whose rights must be determined and settled before the rights of the parties to the action can be determined. *Chapman v. Forbes*, 123 N. Y. 533, 26 N. E. 3; *Bankers' Nat. Bank v. Security Trust Co.*, 19 S. D. 418, 103 N. W. 654; *Kaplan v. City of Omaha*, 100 Neb. 567, 160 N. W. 960; *Merchants' Trust Co. v. Bentel*, 10 Cal. App. 75, 101 Pac. 31; *United States Fid. etc. Co. v. Parker*, 20 Wyo. 29, 121 Pac. 531; *Bauer v. Platt*, 25 N. Y. Supp. 426; *Shanks v. National Casket Co.*, 95 App. Div. 187, 88 N. Y. Supp. 839; Pomeroy's Code Remedies (3d ed.), § 418, which reads as follows:

"The issues between the original parties are to be determined, if that can be done, without prejudice to the rights of others, or by saving the rights of others; if this be possible, the cause should be adjudicated as it was presented for decision. If a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in. The force and effect of the whole provision depend upon the interpretation given to the clause, 'when a complete determination of the controversy cannot be had without the presence of other parties.' To use the language of an eminent judge which has been repeatedly approved by other courts in different states, this clearly means, 'When there are other persons, not parties, whose rights must be ascertained and settled before the rights of the parties to the suit can be determined.' "

The relator argues further, however, that, unless the order which he seeks compelling the Standard Gas Engine Company to enter this litigation is made, that he will lose his counterclaim against that company, by setting up a part thereof as a set-off against the claim of the assignee plaintiff, for the reason that it would

operate, in effect, as a splitting of his claim and result in litigation by piecemeal or individual causes of action, and states, as the general rule, that causes of action generally may not be split, nor may set-offs or counterclaims, and that the defendant cannot split up an entire claim and use one part thereof as a set-off in one action and make the remainder the basis of other litigation. This rule is sustained in *Brown v. First Nat. Bank,* 132 Fed. 450, in which case the court said:

"A defendant who has a claim against the plaintiff which is available, at his option, either as a defense or as an affirmative cause of action, estops himself from maintaining an action to recover any part of it, and loses the excess by interposing it as a defense and applying a part of it to pay or defeat the plaintiff's action. Any other rule would prolong litigation, multiply suits, encourage repeated trials of the same claim."

This argument, however, is fallacious in this, that, where a defendant has a counterclaim or set-off in the use of which he has been necessarily restricted, he may maintain a separate action for the balance of his claim after he has asserted a portion of it as a set-off or counterclaim. The rule is stated in Corpus Juris, 1111, as follows:

"It has accordingly been held that if defendant is necessarily restricted in the use of his set-off or counterclaim to a defeat of plaintiff's demand, and cannot obtain affirmative relief, the rule will not apply, and that in such a case he may maintain a separate action for the balance of his claim, or avail himself thereof as a set-off or counterclaim in a subsequent action brought by the same plaintiff."

This court in the case of *Nut House v. Pacific Oil Mills,* 102 Wash. 114, 172 Pac. 841, recognizes this rule, where it is said:

"The other question is: Can the respondent maintain this action after having pleaded in the action of Carstens and Meyer against the Nut House the same contracts and the commissions flowing therefrom as an offset? In that action, the plaintiffs being assignees, the defendant was not entitled to an affirmative judgment against them over and above their claim. Had that action been brought by the Pacific Oil Mills, the present appellant, it is doubtless true that the defendant there would have been required to sustain its entire claim or be barred from maintaining another action. The Pacific Oil Mills, by assigning its claim against the Nut House to Carstens and Meyer, put it out of the power of the respondent to get any affirmative relief in that action. The rule supported by the authorities is stated in 34 Cyc. 762 as follows: 'In an action by an assignee a claim against the assignor can be allowed as a set-off, counter-claim, or reconvention, only to the extent of the claim sued upon, and judgment cannot be rendered against the assignee for the excess.' The respondent, having no right in the previous action to recover an affirmative judgment against the assignees, it is not by law denied the right to maintain a subsequent action against the appellant for the balance due over and above the amount allowed as a set-off."

The case of *Gordon v. Van Cott,* 38 App. Div. 564, 56 N. Y. Supp. 554, dealing with this same question, holds:

"From an early period in the legislation of our state, assignments of choses in action have been permitted, and the assignee authorized to sue in his own name; but such assignments have been made subject to any counterclaim or defense existing against the assignor at the time of the assignment. When an assignee sues on a claim, he may be defeated in the claim on account of some setoff in favor of the defendant against his assignor; but, of course, he is not subject to the additional misfortune of having an affirmative judgment rendered against him for his assignor's debt. A setoff can only be used to the extent of defeating the plaintiff's claim. *Kast v. Kathern,* 3 Denio, 344. In the case cited, the supreme court reversed so

much of a judgment as gave the defendant an affirmative recovery. Judge Jewett there said: 'What remedy a defendant has under such circumstances to recover the balance due to him over the plaintiff's debt is not very apparent. None is provided by statute.' We do not think, however, that any provision by statute is necessary. . . . It seems to me that, wherever the defendant cannot obtain affirmative judgment from the plaintiff, he has the right to split his setoff, and that his recovery in such an action only extinguishes his setoff to the amount of the plaintiff's claim. This double suit on the same claim is not an anomaly in legal procedure. It certainly at one time obtained in England, and I think is still the practice. It was held in *Hennel v. Fairlamb,* 3 Esp. 104, that where a party in a previous action had interposed a setoff for more than the plaintiff's claim, and succeeded on that setoff, he might bring another action for the surplus.''

The defendant in this action being limited under the law, as we have seen it to be, to the pleading of so much of his claim against the Standard Gas Engine Company as is sufficient to defend by way of set-off and is sufficient to defeat the claim of the assignee plaintiff, has been compelled to split his claim against the Standard Gas Engine Company, and that company cannot, in any action which may be brought by the defendant against it for the balance due on the defendant's claim, defend that suit by a showing that the original claim has been split by reason of the fact that a portion of it has been used by the defendant to meet the claim of the assignee plaintiff in this action.

The lower court was therefore correct in refusing to grant an order staying the progress of this action until such time as the Standard Gas Engine Company should enter the action, and its judgment, being thus correct, the writ is dismissed.

HOLCOMB, C. J., BRIDGES, FULLERTON, and PARKER, JJ., concur.