[No. 16609.  *En Banc.*  November 16, 1921.]

THE STATE OF WASHINGTON, *on the Relation of Ladd &*
*Tilton Bank, Plaintiff*, v. THE SUPERIOR COURT
FOR LEWIS COUNTY, *John M. Wilson,*
*Judge, Respondent.*[1]

CERTIORARI (5)—WHEN LIES—INTERLOCUTORY ORDERS—APPEAL—
FINAL ORDERS.  An interlocutory order requiring the drawer of a
trade acceptance to be made a party defendant to a suit by the
assignee against the acceptor of the trade acceptance is not re-
viewable by certiorari in advance of the final judgment in the
action.

Application filed in the supreme court June 18, 1921,
for a writ of certiorari to review an order of the su-
perior court for Lewis county, Wilson, J., entered June
10, 1921, allowing defendant to bring in an additional
party.  Denied.

*Hull & Murray,* for relator.
*C. A. Studebaker,* for respondent.

HOLCOMB, J.—The relator brought the original ac-
tion, as plaintiff, against one Frank Rosenstein, as de-
fendant, in the superior court of Washington for Lewis
county, upon two trade acceptances for $1,258.85 each,
for the amount thereof with protest fee, drawn upon
the defendant Rosenstein, accepted by him, and there-
after assigned by R. M. Wade & Company, the drawer,
to plaintiff, Ladd & Tilton Bank. Payment of the
trade acceptances to Ladd & Tilton Bank was refused
by Rosenstein, and they were protested.

After the service of summons and complaint in the
original action, defendant appeared and moved for an
order permitting the defendant to make R. M. Wade &

[1]Reported in 201 Pac. 782.

Company, a corporation, a party plaintiff or defendant in the action, and based the same upon an affidavit of the defendant Rosenstein to the effect that the trade acceptances were for two motor tractors sold and delivered to Rosenstein by R. M. Wade & Company, upon certain alleged guarantees which had been breached, all of which R. M. Wade & Company knew, and it was alleged that Ladd & Tilton Bank, a corporation, was aware of the guarantees of R. M. Wade & Company, a corporation, and of the failure of the guarantees, and that Ladd & Tilton Bank well knew, at the time of the existence of the contract between R. M. Wade & Company and defendant Rosenstein, of all rights, duties and equities existing between those parties, and purchased the two trade acceptances with such knowledge, and with a secret understanding whereby R. M. Wade & Company agreed to stand back of and protect Ladd & Tilton Bank against any loss which the plaintiff might incur on such trade acceptances; and that R. M. Wade & Company and Ladd & Tilton Bank were in collusion to compel defendant Rosenstein to pay the amount of the trade acceptances to Ladd & Tilton Bank as though Ladd & Tilton Bank were an innocent party. It was also deposed in the affidavit that, unless R. M. Wade & Company be made a party to the action, defendant Rosenstein might be required to pay the trade acceptances, and also pay damages to the persons to whom such tractors had already been sold, to the loss of defendant Rosenstein in not less than the sum of from $5,000 to $6,000, all of which would be occasioned by the fraud of R. M. Wade & Company, and due to its failure to keep its contract, and to the fact that R. M. Wade & Company had induced plaintiff to bring an action as though plaintiff were an innocent party, when in fact plaintiff was not an innocent

party, but had full knowledge of all matters and things alleged by defendant, and had such knowledge at the time the trade acceptances came into its possession, and that plaintiff, Ladd & Tilton Bank, was not the holder of such paper in good faith.

The respondent judge, on June 8, 1921, made an order reciting that the motion of defendant to require R. M. Wade & Company, a corporation, to be made a party to the action came on regularly for argument, and having taken the matter under advisement, he found that R. M. Wade & Company, a corporation, is a proper and necessary party to the full and complete determination of the action; and ordered that R. M. Wade & Company, a corporation, be made a party plaintiff or defendant.

This action is before us on an application for a writ of certiorari to review the order of the respondent judge, and the return of the respondent thereto, setting forth that the order was made upon the motion and affidavit, and upon a hearing of both parties.

We have no appearance or brief on behalf of the adverse party to the original suit, or respondent, in this proceeding.

Relator relies upon Rem. & Bal. Code, §§ 271½, 272, 273 and 367, and our late decision in *State ex rel. Alaska Pacific Navigation Company v. Superior Court*, 113 Wash. 439, 194 Pac. 412. In the case above cited, the procedure seems not to have been questioned.

We have held in *State ex rel. Langley v. Superior Court*, 73 Wash. 110, 131 Pac. 482, that such an order as the one here involved differs "in no respect from interlocutory orders generally; . . . As such, they are not reviewable in this court in advance of the final judgment entered in the cause, but must be reviewed here, if reviewed at all, on an appeal or writ of review taken from the final judgment."

This case was reaffirmed in *State ex rel. Rutter v. Superior Court,* 91 Wash. 304, 157 Pac. 684.

On the authority of these cases, the writ must be denied.

Denied.

All concur.