## PERKES v. UTAH IDAHO MILK CO.

No. 5447. Decided December 7, 1934. (39 P. [2d] 308.)

J. D. *Skeen* and *E. J. Skeen,* both of Salt Lake City, for appellant.

*L. Tom Perry,* of Logan, for respondent.

ELIAS HANSEN, Justice.

The complaint filed in this cause contains eighty-one causes of action. The first cause of action is for milk alleged to have been sold to the defendant by the plaintiff. The other eighty causes are upon assignments to the plaintiff of claims for dairy products alleged to have been sold and delivered to the defendant by persons other than the plaintiff. The gravamen of the first cause of action of the original complaint was:

"That between the 30th day of April, 1930, and the 9th day of May, 1930, the plaintiff sold and delivered to the defendant at defendant's special instance and request, certain goods, wares and merchandise and dairy products of the fair and reasonable value of $17.72, which said sum defendant promised and agreed to pay. That the defendant has not paid the said sum nor any part thereof."

The other causes of action contain the same averments excepting as to the amount and the person who delivered the dairy products. It is also averred in each cause of action other than the first:

"That prior to the commencement of this action the said Miles Follett (or other person who delivered dairy products) duly assigned the said account to the plaintiff for the purpose of collecting the same and the plaintiff is now the owner and holder of said account."

In its answer the defendant denies the averments above quoted. Upon the issues thus joined a trial was had to the court sitting without a jury. After evidence was adduced in support of the original complaint and the answer thereto and both sides had rested, plaintiff filed a petition in the cause asking for leave to amend the original complaint to conform to the proofs by adding to each of the causes of action therein alleged the following:

"That said goods were delivered by the plaintiff to one J. E. Hansen also known as Evan Hansen and to one E. L. Allen and/or his employees all of whom were then and there the agents of said defendant" and "That for a long time prior to the dates herein mentioned plaintiff had delivered similar goods wares merchandise and dairy products to one J. E. Hansen also known as Evan Hansen and Ollie Thurston agents of said defendant who in turn delivered said dairy products to a certain milk skimming plant located at Smithfield, Utah, which was then and there managed by one E. L. Allen also an agent of said defendant; that for a long time prior to the dates herein mentioned said defendant had held out and represented to the plaintiff and his assignor that the said J. E. Hanson, Ollie Thurston and/or the said E. L. Allen and his employees were its agents authorized and empowered to purchase said dairy products, from said plaintiff and/or his assignor and if in truth and in fact the said J. E. Hansen, Ollie Thurston and/or said E. L. Allen and his employees at all times herein mentioned were not the agents of said defendant to purchase from the said plaintiff and his assignor for the said defendant the said goods,

wares, merchandise and dairy products, the said plaintiff and his assignor dealt with the above named persons as such believing them to be the agents of said defendant and that the said defendant had not given the plaintiff or his assignor notice that such agency had terminated if in truth and in fact such relationship as principal and agent no longer existed."

After hearing arguments of counsel as to whether or not leave should be given to amend the complaint as prayed for in the petition, the court granted such leave. Appellant assigns as error the order granting leave to amend the complaint. To the amended complaint and to each cause of action therein alleged, defendant demurred upon the grounds: (1) Insufficiency of the alleged facts to state a cause of action; (2) that the amended complaint was ambiguous, uncertain, and unintelligible, in that it was alleged in one part of the amended complaint that the dairy products were delivered to the defendant at its special instance and request, and in another part thereof that the dairy products were delivered to the agents of the defendant; and (3) that the amended complaint is ambiguous, uncertain, and unintelligible, in that it cannot be determined therefrom whether "plaintiff seeks to recover on the direct claim for price of certain goods, wares and merchandise sold and delivered to the defendant, or whether the plaintiff seeks to recover damages from the defendant by reason of an estoppel, or whether the plaintiff seeks to recover from the defendant on both of said theories." The demurrer to the amended complaint was overruled. Such ruling is assigned as error. Thereupon the defendant company filed its answer admitting that it had not paid for the dairy products sued for and denying that any of such products had been delivered to it or its agents. A further hearing was had on the pleadings as thus amended. During the course of the trial, the court sustained an objection to the cross-examination of the plaintiff as to whether or not he paid any consideration for the claims which were assigned to him. Such ruling is assigned as error. Findings of fact,

conclusions of law, and judgment were made and entered in favor of the plaintiff. The findings are substantially in the language of the amended complaint. Appellant assigns as error the making of various findings of fact, because, as it claims, such findings are not supported by the evidence, are contradictory to each other, and are made in the alternative.

The material facts are either admitted in the pleadings or established by the evidence without any substantial conflict therein. The facts so established are these: That about twelve or fourteen months prior to May 1, 1930, the Idahome Creamery Company leased from E. J. Allen a creamery plant located at Smithfield, Utah. Later and some time before May 1, 1930 (the exact date not appearing), the business of the Idahome Creamery Complany including the lease between it and Allen was transferred to the defendant in this action. By the terms of the lease between Allen and the company, Allen was to be paid $150 a month in salary and a fixed rental for the plant in Smithfield. Allen was to manage the plant. Out of the money paid to him for his salary and for the rental of the plant, Allen was to pay the employees who assisted in operating the plant and in collecting the milk from the producers and hauling the same to the plant. By the terms of the contract between the company and Allen, the company agreed to pay the producers for the milk delivered to the plant. The entire output of the plant was to be delivered to the defendant company. There is some conflict in the evidence as to whether or not any of the employees who assisted Allen in the operation of the plant knew of the arrangement between Allen and the company. The employees and the milk producers were all paid by the Idahome Creamery Company and later by the defendant. For some time prior to May 1, 1930, the defendant sent statements on its letterheads to those who delivered milk to the Smithfield plant and payments for milk delivered were made by checks issued by the company. In April, 1930, arrangements were entered

into between the defendant and Allen whereby the plant was to be turned back to Allen on May 1, 1930. The milk producers whose claims are here involved knew nothing about such arrangement until May 9, 1930, when they received notice of such arrangement. Pursuant to the agreement between defendant and Allen, defendant prepared notices advising those dealing with the Smithfield plant that Mr. Allen would, on May 1, 1930, take over that plant and that defendant would not be responsible for any obligations contracted after April 30, 1930. Mr. Allen was not satisfied with the form of the proposed notice and suggested some changes. Accordingly, changes were made in the notices as originally prepared, and on May 8, 1930, they were mailed to those who had been delivering milk to the Smithfield plant and to the employees thereof. The notices were received by the addressees on May 9, 1930. When the notices were received by the milk producers, some of them refused to deliver any more milk to the Smithfield plant. Others continued to deliver milk. There is no dispute as to the amount or value of the milk delivered by the various producers whose claims are here in litigation. At the trial defendant conceded that if it were liable at all it was liable for the amount alleged in the amended complaint. Defendant claims the facts so established fail to support the judgment appealed from, in that it is not shown that defendant agreed to pay for the milk delivered during the first eight days in May, and also that there is no showing that defendant should be estopped from denying that Allen and the milk haulers were its agents during such time.

We have thus indicated the various grounds relied upon by the appellant for a reversal of the judgment appealed from. We shall dispose of the questions raised in the order in which they are heretofore mentioned in this opinion. It is contended by appellant that the court below abused its discretion in permitting plaintiff to amend his complaint, particularly because the amendment introduced a new and a diferent cause of action from that alleged

in the original complaint. The contention is untenable. An action for dairy products sold and delivered by the plaintiff and by his assignors remains such even though plaintiff relied on evidence tending to show that the products sued for were delivered to the apparent agents of the defendant. In the language of the Restatement of the Law of Agency by the American Law Institute, vol. 1, § 8, p. 27:

"Where an agreement is made between a third person and an agent acting within the scope of his apparent authority, the fact that the third person gives nothing but a promise and does not otherwise change his position in reliance upon the appearance of authority does not prevent the transaction from being a contract upon which both the principal and the third person are mutually subject to liability. In this respect, apparent authority conforms to the principles of contracts; there is a manifestation of consent by the principal to the third person and, in case of a bilateral transaction, a counter-manifestation by the third person which completes the transaction. As in the case of other contracts there may be a unilateral transaction, as where an apparent agent makes an offer which becomes binding upon an act being done by the third person with intent to accept the offer."

Such are the authorities generally. 2 C. J. 440 et seq., and cases there cited. An allegation that dairy products were sold and delivered to the defendant may not be said to be inconsistent with an allegation that they were delivered to the apparent agent of the defendant. Proof of the latter clearly tends to and may well establish the former. Delivery of goods to an agent is frequently the means adopted in delivering them to the principal. In the main, the allegations in the amendment to the complaint conform to the proofs theretofore offered and received. It is not necessary for us to determine whether or not the amendments in the light of the evidence theretofore received were necessary to sustain plaintiff's action. Suffice it to say that the court below acted within its discretion in granting plaintff leave to amend.

No claim is made that the amended complaint is vulnerable to a general demurrer. If such a claim were made, it could not be sustained. It is urged that the allegations in

the amended complaint with respect to defendant holding out Allen, Hansen, and Thurston as it agents failed to set forth sufficient facts to state a cause of action on the theory that the defendant was estopped from denying that such persons were its agents. Appellant contends that one of the essential elements of estoppel is that the party relying upon such doctrine must have acted upon the representation so that he will now be prejudiced if it be not true. It will be noted that it is alleged in the amended complaint that "plaintiff and his assignors dealt with such persons * * * believing them to be agents of said defendant." If plaintiff and his assignors are deprived of the right to recover from the defendant the value of the milk delivered, they will suffer some prejudice even though they may have a cause of action against Allen. The correct doctrine applicable to the facts in the instant case is that above quoted:

"As in the case of other contracts, there may be a unilateral transaction, as where an apparent agent makes an offer which becomes binding upon an act being done by the third person with intent to accept the offer."

It is further urged that the special demurrer should have been sustained because it cannot be ascertained therefrom whether plaintiff proceeds upon the theory that plaintiff sold and delivered the dairy products to the defendant or upon the theory that defendant is estopped from denying that they were so sold and delivered, or upon both such theories. As heretofore indicated in this opinion, the suggested theories are not inconsistent with each other. Either one or both of the suggested theories may properly arise out of the same state of facts. While the amended complaint is not a model of pleading, it is not vulnerable to the attack made against it by either the general or special demurrer.

Our attention is directed to chapter 78, §§ 324X1 and 324X3, Laws of Utah 1927, Section 324X1 is brought forward in R. S. Utah 1933 as section 6-0-26.

Section 324X3 seems to have been omitted from R. S. Utah 1933. The sections referred to provide:

"Sec. 324X1. * * * An attorney or counselor shall not: 1. Directly or indirectly buy, or be in any manner interested in buying or having assigned to him for the purpose of collection a bond, promissory note, bill of exchange, book debt, or other thing in action, with the intent and for the purpose of bringing an action thereon. * * *

"Sec. 324X3. * * * The last two sections apply to a person prosecuting an action in person and to a corporation engaged in the business of conducting litigation and providing counsel therefor, who or which does an act which an attorney or counselor is therein forbidden to do."

It is appellant's position that the trial court should have permitted it to cross-examine plaintiff with respect to what consideration, if any, was paid by him for the assignment of the claims of the other milk producers, and also that by reason of the provisions of the act just quoted, the assignments were void and could not be prosecuted by the plaintiff. The sections quoted are a part of an act relating to the practice of attorneys and counselors at law. It seems clear from the language of section 324X1 that an attorney or counselor at law may not in person, in his own name, prosecute a claim which has been assigned to him for the purpose of suit without regard to whether a consideration has or has not been paid for the assignment. The Consitution of Utah, article 1, § 11, provides that:

"No person shall be barred from prosecuting or defending before any tribunal in this State by himself or counsel any civil cause to which he is a party."

It was evidently the purpose of section 324X1 to prevent a person from personally conducting litigation founded upon a claim assigned to him for the purpose of bringing an action thereon. So far as it is made to appear, plaintiff is not an attorney at law. He did not personally conduct the trial of this cause in the court below but was represented by his counsel. We are not here concerned with the question of whether the act under review does or does not offend

against the constitutional provision above quoted, because the facts appearing upon the record in this cause do not bring it within the provisions of the act.

Appellant must fail in its contention that the court committed prejudicial error in sustaining its objection to the cross-examination of plaintiff with respect to whether a consideration was paid for the assignments of the claims on the other milk producers. Appellant must likewise fail in its claim that the assignments of the claims were void because made for the purpose of bringing this action. The claims here involved were assignable. An assignment of a cause of action either with or without consideration confers upon the assignee the legal title and the right to maintain an action on the assigned claim. *Baglin* v. *Earl-Eagle Min. Co.*, 54 Utah 572, 184 P. 190.

What has heretofore been said in this opinion in connection with our discussion of the demurrer disposes of appellant's claim that the findings of fact do not support the judgment. The findings of fact are in substantially the same language as the allegations of the amended complaint. The allegations of defendant's answer are found against it. It follows that the facts found support the judgment.

Appellant earnestly contends that certain of the findings of fact are made in the alternative and for that reason the findings do not support the judgment. Thus, it is in effect found in one of the findings that E. A. Allen, Evan Hansen, and Ollie Thurston were at the time complained of agents of the defendant, and then in a later finding it is in effect found that if they were not the agents of defendant, plaintiff and his assignors dealt with them believing that they were its agents. The law is well settled that if findings on material issues are made in the alternative and if the truth of either of such alternative findings is fatal to the judgment, then and in such case the judgment cannot stand. On the contrary, if findings are made in the alternative, not inconsistent with each other, and either alternative, standing alone, will support the

judgment, it may not be said that such a judgment should be reversed because not supported by the findings. As heretofore indicated in this opinion, defendant's liability may well rest either upon the actual or the apparent authority of Allen, Hansen, and Thurston to contract for defendant. The fact that they were the apparent agents of the defendant is in no sense inconsistent with their being its actual agents.

From the brief summary of the facts established by the evidence in this case as heretofore summarized in this opinion, it will be seen that the findings and the judgment find support in the evidence.

The judgment is affirmed. Respondent is awarded his costs.

STRAUP, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.