# CHESNEY et al. v. DISTRICT COURT OF SALT LAKE COUNTY et al.

No. 6108.   Decided January 2, 1941.   (108 P. 2d 514.)

514

*M. E. Wilson, R. C. Wilson,* and *E. A. Walton,* all of Salt Lake City, for plaintiffs.

*Fabian, Clendenin, Moffat & Mabey,* of Salt Lake City, for defendants.

THURMAN, District Judge.

This matter is before us on a writ of certiorari to the District Court of Salt Lake County. Plaintiffs seek to have reviewed an order of that court made and entered in an action there pending wherein the defendant, A. G. Brown, is plaintiff and the plaintiffs are defendants. The facts so far as may be material here and upon which plaintiffs base their claim to the relief sought are as follows: On August 10, 1931, plaintiffs executed and delivered to the Bank of America National Trust and Savings Association, their promissory note in the principal sum of $25,000. To secure the payment of the note they executed and delivered to the Corporation of America, a deed of trust to certain real property situated in the City and County of Los Angeles, State of California, under which the bank was named as beneficiary. Thereafter payments due on the note became delinquent and on December 12, 1933, pursuant to the provisions of the deed of trust, the property described therein was sold and conveyed to the bank for the sum of $15,000. The aggregate amount found to be due and owing on the note at the time of sale, including principal, interest, costs and penalties, equaled the sum of $30,176.75. The amount realized upon the sale was credited to the total indebtedness, leaving an unpaid balance or deficiency in the amount of $15,176.75 due and owing on the note. On March 1, 1934, the bank assigned the note or its interest in the balance due thereon to Brown.

On March 12, 1934, Brown brought an action in the district court against the plaintiffs on the note and claim so assigned to him. In his complaint he alleges that the bank had assigned the note and its interest therein to him for the purpose of collection and that he is the owner and holder

thereof for that purpose. Before answering, the defendants made in effect a motion to the district court for an order requiring the bank to come in as a party plaintiff, or in the event of its refusal so to do that the action be dismissed. The district court denied the motion and it is from that denial and the effects thereof upon defendants that they seek relief in these proceedings.

A writ of certiorari may be granted by this court as provided in Section 104-67-2, Revised Statutes of Utah, 1933, which reads in part as follows:

" * * * when an inferior tribunal, board or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court or judge, any plain, speedy and adequate remedy in the ordinary course of law * * *."

By Section 104-67-8 of the same statute it is provided:

"The review upon this writ [certiorari] cannot be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer."

The two sections when construed with reference to each other restrict our review of the matter before us to a consideration of the question whether the District Court of Salt Lake County in denying plaintiffs' motion regularly pursued its lawful authority. Such a consideration of necessity entails a determination of the further question as to whether the lower court exceeded its jurisdiction and whether there is an appeal or any other plain, speedy and adequate remedy in the ordinary course of law. In other words, if the district court exceeded its jurisdiction or power in denying the motion then it did not regularly pursue its lawful authority and this court in this proceeding can review and correct its action. If, on the other hand, the court merely erred, however gross the error may appear to us, this court cannot, in such a proceeding, review the error. *Smith* v. *District Court*, 24 Utah 164, 66 P. 1065. Also if it be determined that the district court did exceed its jur-

isdiction, under the express mandate of the above-quoted statutes there is presented for determination the further question of whether the error can be corrected on appeal or by some other plain, speedy and adequate remedy in the ordinary course of the law.

Plaintiffs allege in their motion to the district court and likewise in their petition for the writ herein that they have a valid and meritorious cause of action against the bank growing out of the sale of the property under the trust deed, which they desire to plead as a counterclaim; that Brown is the agent and servant of the bank; that the property at the time of the sale had a reasonable market value greatly in excess of the amount for which it was sold, i. e., $50,000 or more; that the trustee under the deed of trust was a "dummy" of the bank; and that the bank and trustee conspired to cheat and defraud the plaintiffs; and that the sale was unlawful and fraudulent as to the plaintiffs. Also, that a complete determination of the respective claims of the parties to the action cannot be had unless the bank is made a party plaintiff therein; that the effect of the denial of their motion by the district court is to require them to proceed in the action but denying them the opportunity to have full and complete relief under their alleged counterclaim; and that for such reasons the district court has no jurisdiction or power to proceed in the action pending before it without the bank being made a party plaintiff, and that to do so is in excess and beyond its jurisdiction.

Plaintiffs argue, in support of their position, that Brown is not the real party in interest for the reason that he is neither actually nor substantially interested in the subject matter of the suit, and that his only interest, if such it can be called, is that of collector. This court, in conformity with the weight of judicial authority, is committed to the doctrine that the assignee of a chose in action or promissory note after maturity and for the purpose of collection alone may sue in his own name and as such is the real party in interest. *Rutan* v. *Huck*, 30 Utah

217, 83 P. 833 at page 840; *Baglin* v. *Earl-Eagle Mining Co.*, 54 Utah 572, 184 P. 190; *Industrial Commission* v. *Wasatch Grading Co.*, 80 Utah 223, 14 P. 2d 988; *Bancroft's Code Pleading*, Vol. 2, Sec. 885, p. 1305; *Bancroft's Ten Year Supp.*, Vol. 1, Sec. 885; *Lawler* v. *Jennings*, 18 Utah 35, 55 P. 60; *Perkes* v. *Utah Idaho Milk Co.*, 85 Utah 217, 39 P. 2d 308 at page 311; *Moss* v. *Taylor*, 73 Utah 277, 273 P. 515; *Meyer* v. *Foster*, 147 Cal. 166, 81 P. 402.

Counsel contends, however, that where such an assignee sues in his own name and the defendant to the action has a claim against the assignor in excess of the amount sued on by the assignee the latter thereby ceases to be the real party in interest. To such a doctrine we cannot adhere. The fact that the assignor may have some rights or owes some obligation in connection with the transactions out of which the assigned claim arose it seems to us, does not affect the status of such an assignee in a suit brought by him. He is still the legal owner and holder of the chose and the real party in interest for the purpose of his suit.

Plaintiffs also argue that they have a counterclaim which grows out of the transactions set forth in Brown's complaint and connected with the subject of the action; that they are required to set up such a counterclaim in the action brought by Brown or else the counterclaim is gone forever; that their counterclaim is indivisible; that it cannot be used as a defense in an action brought by Brown without barring them from the use of it or any part of it in an action against the bank.

Section 104-9-4, Revised Statutes of Utah 1933, provides as follows:

"When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated so far as they equal each other, and neither can be deprived of the benefit thereof by the assignment or death of the other."

This section of our statutes is the same as Section 440 of the California Code of Civil Procedure. Identical or

similar provisions are found in the statutes of most if not all of the states that have adopted the Code system of pleading and, as far as material to the question under consideration, has been construed to give a defendant sued by a plaintiff assignee of a chose in action the right to offset, to the extent of defeating the plaintiff's claim, any claim that the defendant may have against the assignor and should the claim against the assignor exceed the assignee's claim, the defendant may recover the excess of his claim from the assignor in a separate suit. *Bancroft's Code Pleading,* Vol. 1, Sec. 374, and supporting authorities.

The case of *Gordon* v. *Van Cott,* 38 App. Div, 564, 56 N. Y. S. 554, 560, dealing with the same question holds:

"From an early period in the legislation of our state, assignments of choses in action have been permitted, and the assignee authorized to sue in his own name; but such assignments have been made subject to any counterclaim or defense existing against the assignor at the time of the assignment. When an assignee sues on a claim, he may be defeated in the claim on account of some set-off in favor of the defendant against his assignor; but, of course, he is not subject to the additional misfortune of having an affirmative judgment rendered against him for his assignor's debt. A set-off can only be used to the extent of defeating the plaintiff's claim. * * * It seems to me that, wherever the defendant cannot obtain affirmative judgment from the plaintiff, he has the right to split his set-off, and that his recovery in such an action only extinguishes his set-off to the amount of the plaintiff's claim. This double suit on the same claim is not an anomaly in legal procedure. It certainly at one time obtained in England, and I think is still the practice. It was held in *Hennell* v. *Fairlamb,* 3 Esp. 104, that where a party in a previous action had interposed a set-off for more than the plaintiff's claim, and succeeded on that set-off, he might bring another action for the surplus."

In the case of *Nut House* v. *Pacific Oil Mills,* 102 Wash. 114, 172 P. 841, 842, the Washington court quoted with approval the following from 34 Cyc. 762:

" 'In an action by an assignee a claim against the assignor can be allowed as a set-off, counterclaim, or reconvention, only to the extent of the claim sued upon, and judgment cannot be rendered against the assignee for the excess.' "

Supplementary thereto in its own language it said:

"The respondent, having no right in the previous action to recover an affirmative judgment against the assignees, is not by the law denied the right to maintain a subsequent action against the appellant for the balance due over and above the amount allowed as a set-off."

We think the rule as above enunciated is embodied and comes clearly within the purview of the California statute and the statutes of this state as above set forth. We feel further that it is supported by the weight of judicial opinion; that it is a salutary one; and that we are not warranted at this time, so far as its application to the facts of the case before us is concerned, in modifying it. *Moss* v. *Taylor*, 73 Utah 277, 273 P. 515; *Taylor* v. *Barker*, District Judge, 70 Utah 534, 262 P. 266, 55 A. L. R. 1032; *Ladd & Tilton Bank* v. *Rosenstein*, 122 Wash. 301, 210 P. 677; *State* v. *Superior Court*, 113 Wash. 439, 194 P. 412; *Bancroft's Code Practice and Remedies*, Vol. 1, Sec. 390; *Bancroft's Code Pleading*, *Vol.* 1, Sec. 374, p. 556,

However, in passing we refer to the case of *Watkins* v. *American National Bank*, 8 Cir., 1904, 134 F. 36, and the case of *State ex rel. Adjustment Company* v. *Superior Court*, 1912, 67 Wash. 355, 121 P. 847, cited by plaintiffs in support of their contention that they cannot split their counterclaim so as to use such portion of it as may be a complete set-off to Brown's claim and sue the bank for the remainder. If these cases sustain such a position we are constrained to believe and so hold that they are against the weight of authority and better reasoning and should not be followed by this court. However, as we read the Watkins case, we do not think it in point, for there the suit was not by an assignee and the defendant sought to apply so much of his claim against the plaintiff as a defense as equaled the amount of plaintiff's claim, leaving the excess to be the subject of another suit against the same plaintiff. The court held, and rightfully we think, that such could not be done for the reason that the original holder of the claim or assignor

being in the suit as plaintiff the defendant should have set up as a defense his full counterclaim which would have entitled him to an affirmative judgment in an amount equal to the sum by which his counterclaim exceeded the claim of the plaintiff. His failure to do so subjected the plaintiff to another lawsuit and violated the basis for the general rule against splitting of causes of action. In the case of *Badger* v. *Badger,* 1927, 69 Utah 293, at page 300, 254 P. 784, 787, this court had occasion to consider the general rule against splitting causes of action and in the course of its opinion therein said:

"It is a well-settled rule of law, under both common-law and the Code system of pleading, that a party having one entire demand cannot split the demand up into separate causes of action. [Cases cited.] In fact, as stated in the case of *United States* v. *Throckmorton,* supra [98 U. S. 61, 65, 25 L. Ed. 93] : 'There are no maxims of the law more firmly established or of more value in the administration of justice than the two which are designed to prevent repeated litigation between the same parties in regard to the same subject of controversy, namely: Interest reipublicae, ut sit finis litium, and nemo (debet) bis vexari pro una et eadem causa.'

"To this well-established general rule, however, there are exceptions."

In the action in the district court we have an exception to the general rule. There the assignee of the claim as distinguished from the original owner, or assignor, is suing and even though the claim of the defendants against the assignor may be offset against the claim of the assignee to the extent of the assignee's claim and the assignor be subject to a further suit for the balance of the counterclaim, the assignee cannot be subject to an affirmative judgment for the surplus of the counterclaim or to another suit to recover the excess. Thus the assignee is not subjected to a multiplicity of suits which is the basis for the general rule and the assignor would be subject to only one suit for which he cannot complain. Also, as to their counterclaim, plaintiffs are in the position of a plaintiff in the district court and as we understand the general

rule it exists for the benefit of defendants to protect them from being harassed by a multiplicity of suits when such is not necessary and cannot be invoked by plaintiffs.

The Adjustment Company case we likewise feel is not in point for the reasons stated in the case of the *State* v. *Superior Court,* 113 Wash. 439, 194 P. 412, where it was under consideration and where the Supreme Court of the State of Washington distinguished it from cases in that jurisdiction holding in accordance with the rule which we consider to be followed by the weight of authority and as followed in the last-mentioned case.

The plaintiffs also argue that the bank is an indispensable party. We feel that under the facts of this case that such is not so. As to who is an indispensable party this court has said in the case of *Hoyt* v. *Upper Marion Ditch Company,* 94 Utah 134, 76 P. 2d 234, at page 240, quoting from an Illinois case, *Gaumer* v. *Snedeker,* 330 Ill. 511, 162 N. E. 137:

"Whenever a party has been omitted whose presence is so indispensable to a decision of the case upon its merits that a final decree cannot be made without materially affecting his interest, the court should not proceed to a decision of the case upon the merits.'"

In view of what has heretofore been said it follows under the above definition that the bank is not an indispensable party to this action. *State* v. *Superior Court,* 113 Wash. 439, 194 P. 412, *Burnett* v. *Taylor,* 36 Wyo. 12, 252 P. 790. It is not necessary, as a party, in order to enable plaintiff to establish his case, nor is it a necessary party in order to enable the plaintiffs to establish their defense or set-off pro tanto, nor is their defense or counterclaim as to any amount in excess of Brown's claim in any wise jeopardized either under the laws of this state or under the laws of the State of California. Therefore, if Brown is a real party in interest and the bank is not an indispensable party, and any rights the plaintiffs may have by way of set-off or counterclaim is in no wise jeopardized,

it follows that the district court, having jurisdiction of the subject matter and the parties before it, which fact is not disputed, can give full relief and adequately protect all the rights of the parties before it. From this we conclude and hold that the district court regularly pursued its lawful authority and that, in denying plaintiff's motion, it did not exceed its jurisdiction.

If the district court erred in so ruling the plaintiffs have a plain, speedy and adequate remedy in the ordinary course of law by appeal. *State* v. *Superior Court,* 117 Wash. 544, 201 P. 782; *Page* v. *Commercial Nat. Bank,* 38 Utah 440, 112 P. 816; *People's Bonded Trustee* v. *Wight,* 72 Utah 587, 272 P. 200; *Batley* v. *Ritchie,* 73 Utah 320 273 P. 969; *Hoffman* v. *Lewis,* 31 Utah 179, 87 P. 167; *Wells* v. *Loofbourow,* 49 Utah 200, 162 P. 375 at 376; *Kiesel* v. *District Court,* 96 Utah 156, 84 P. 2d 782; *Tujague* v. *Superior Court,* 69 Cal. App. 35, 230 P. 198; *Sutter County* v. *Superior Court,* 188 Cal. 292, 204 P. 849.

In a case somewhat similar in its facts to the case before us the Supreme Court of the State of Washington in *State ex rel. Ladd & Tilton Bank* v. *Superior Court,* 117 Wash. 544, 201 P. 782, 783, in passing upon a writ of certiorari to review a similar order to the one under consideration, said:

"We have held in *State ex rel. Langley* v. *Superior Court,* 73 Wash. 110, 131 P. 482, that such an order as the one here involved differs 'in no respect from interlocutory orders generally. * * * As such they are not reviewable in this court in advance of the final judgment entered in the cause, and must be reviewed here, if reviewed at all, on an appeal or writ of review taken from the final judgment.' This case was reaffirmed in *State ex rel. Rutter* v. *Superior Court,* 91 Wash. 304, 157 P. 684. On the authority of these cases, the writ must be denied."

The order of the District Court is affirmed.

MOFFAT, C. J., PRATT, J., and L. A. WADE, District Judge, concur.

LARSON, J., concurs in the order.

WOLFE and McDONOUGH, JJ., being disqualified, did not participate herein.